Slip Op. No. 21-72

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| OMAN FASTENERS, LLC, et al., | |
| Plaintiffs, | Before: Jennifer Choe-Groves, Judge |
| | M. Miller Baker, Judge |
| v. | Timothy C. Stanceu, Judge |
| UNITED STATES, et al., | Consolidated Court No. 20-00037 |
| Defendants. | |

OPINION

[Denying defendants' motion to dismiss, awarding summary judgment to plaintiffs on Count I of their respective complaints, and dismissing the remaining counts of each of plaintiffs' complaints. Judge Baker files a separate opinion concurring in part and dissenting in part.]

Dated:  June 10, 2021

*Michael P. House*, Perkins Coie, LLP, of Washington, D.C., for plaintiffs Oman Fasteners LLC and Huttig, Inc., and Huttig Building Products, Inc.  With him on the submissions were *Andrew Caridas* and *Shuaiqi Yuan*.

*Tara K. Hogan*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for defendants.  With her on the submissions were *Brian M. Boynton*, Acting Assistant Attorney General, *Jeanne E. Davidson*, Director, *Aimee Lee*, Assistant Director, and *Meen Geu Oh*, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C.

Stanceu, Judge: Plaintiffs Oman Fasteners LLC ("Oman"), Huttig Building

Products, Inc., and Huttig Inc. (collectively, "Huttig"), U.S. importers of steel fasteners,

brought actions, now consolidated, to contest a proclamation issued by the President of

the United States ("Proclamation 9980") in January 2020.  *Adjusting Imports of Derivative*

*Aluminum Articles and Derivative Steel Articles Into the United States*, 85 Fed. Reg. 5,281

(Exec. Office of the President Jan. 29, 2020).

Before the court is a Joint Status Report, submitted by all parties, responding to a

request by the court.  Also before the court is a motion by plaintiffs for entry of final

judgment, which defendants do not oppose, subject to their right to appeal.  In response

to statements of the parties in the Joint Status Report and the unopposed motion, and

for the reasons discussed herein, the court denies a motion by defendants to dismiss

Count I of each plaintiff's complaint, enters summary judgment in favor of each

plaintiff on their respective Count I claims, and dismisses the remaining counts in each

plaintiff's complaint without prejudice.

## I. BACKGROUND

### A. Proclamation 9980

On January 24, 2020, President Donald Trump issued Proclamation 9980, which

imposed a 25% duty on certain imported articles made of steel, including nails and

other fasteners, and a 10% duty on certain imported articles made of aluminum.  As

authority for its imposition of duties on the articles, identified as "derivative aluminum

articles" and "derivative steel articles," Proclamation 9980 cited Section 232 of the Trade

Expansion Act of 1962, 19 U.S.C. § 1862 ("Section 232").[1]

### B. Procedural History of this Consolidated Action

On February 7, 2020, Oman commenced an action to contest Proclamation 9980,

naming the United States, et al., as defendants and asserting claims in three counts.

Summons, ECF No. 1; Compl., ECF No. 2.  Huttig commenced its action on February 18,

2020, on a complaint consisting of the same three counts.  Summons, ECF No. 1 (Ct. No.

20-00045); Compl., ECF No. 5 (Ct. No. 20-00045).

On joint motions, the court consolidated the two actions, with Court Number

20-00037 serving as the lead case.  Order (Mar. 16, 2020), ECF No. 54.  In the same order,

the court, again with the consent of the parties, stayed Counts II and III of each of the

two complaints pending the court's decision on Count I of those complaints.  *Id.*  Stated

in brief summary, Count I of each complaint claimed that Proclamation 9980 was

invalid because it was not based on a determination the President made within the

90-day period provided in Section 232(c)(1)(A) and was not implemented within the

15-day period set forth in Section 232(c)(1)(B).  Compl. ¶¶ 86–106.[2]

---

[1] All citations to the United States Code are to the 2012 edition.

[2] For convenience of reference, citations are made to the complaint in Court No. 20-00037.  The complaint in Court No. 20-00045 contains the same claims in the corresponding paragraphs.

Defendants moved under USCIT Rule 12(b)(6) to dismiss Count I of each of the

plaintiffs' complaints on March 20, 2020, for failure to state a claim on which relief can

be granted.  Mot. to Dismiss Count I for Failure to State a Claim, ECF No. 57.  On

April 14, 2020, plaintiffs opposed the motion to dismiss and moved for summary

judgment on Count I of each complaint.  Mot. for Summ. J. with Respect to Count I of

Pls.' Compl., ECF No. 65.  Defendants opposed plaintiffs' motion for summary

judgment and replied in support of their motion to dismiss Count I on May 15, 2020.

Defs.' Reply in Supp. of Mot. to Dismiss and Resp. to Pls.' Mot. for Summ. J., ECF

No. 78.  Plaintiffs replied in support of their summary judgment motion on June 1, 2020.

Reply Mem. in Supp. of Pls.' Mot. for Summ. J., ECF No. 79.

Defendants' motion to dismiss Count I of each of the two complaints and

plaintiffs' motion for summary judgment are pending before the court, as is the Joint

Status Report and plaintiffs' motion for entry of final judgment.

## II. DISCUSSION

### A. Jurisdiction and Standards of Review

The court exercises subject matter jurisdiction according to section 201 of the

Customs Courts Act of 1980, 28 U.S.C. § 1581(i)(1)(B), which grants this Court exclusive

jurisdiction of a civil action commenced against the United States "that arises out of any

law of the United States providing for . . . tariffs, duties, fees, or other taxes on the

importation of merchandise for reasons other than the raising of revenue."

In deciding a motion to dismiss for failure to state a claim upon which relief can

be granted, the court assumes all factual allegations in the complaint to be true (even if

doubtful in fact) and draws all reasonable inferences in a plaintiff's favor. *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not need to contain detailed

factual allegations, but it must state enough facts "to raise a right to relief above the

speculative level." *Id.* Rule 8(a)(2) of this Court requires a complaint to contain "a short

and plain statement of the claim showing that the pleader is entitled to relief."

"The court shall grant summary judgment if the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." USCIT R. 56(a).

### B. Plaintiffs' Challenges to Proclamation 9980

In Count I of each of their respective complaints, plaintiffs claim that

Proclamation 9980 was untimely issued because: (1) it was not issued within 90 days of

the date the President received a report from the Secretary of Commerce meeting the

requirements of Section 232(b)(3)(A), as required by Section 232(c)(1)(A), Compl. ¶ 103;

and (2) it was not implemented within 15 days of a timely decision by the President

under Section 232(c)(1)(A), as required by Section 232(c)(1)(B), Compl. ¶ 105.

In Count II, plaintiffs assert that Proclamation 9980 also is invalid because

Section 232 is an unconstitutional delegation of power from the Congress to the

President that is "devoid of an intelligible principle." Compl. ¶¶ 120, 121. In Count III,

plaintiffs argue that Proclamation 9980 violates the constitutional guarantee of equal

protection by imposing additional tariffs on some derivative articles of steel and not

others, and by excluding from those tariffs identical derivative articles manufactured in

some foreign countries but not others, without a legitimate government purpose for the

disparate treatment.  Compl. ¶¶ 127–131.

### C. Our Decision in *PrimeSource I*

In *PrimeSource Bldg. Prods., Inc. v. United States*, 45 CIT __, 497 F. Supp. 3d 1333

(2021) ("*PrimeSource I*"), we dismissed under USCIT Rule 12(b)(6) all claims of plaintiff

PrimeSource Building Products, Inc. ("PrimeSource") except the claim that

Proclamation 9980 was untimely because it was issued beyond the 90-day and 15-day

time limitations set forth in Section 232(c)(1)(A) and (B), respectively.  *PrimeSource I*,

45 CIT at __, 497 F. Supp. 3d at 1361.  As do the plaintiffs in this consolidated case, the

plaintiff in *PrimeSource* argued that Proclamation 9980 was issued after the expiration of

the combined 105-day time period of Section 232(c)(1).  *See id.* at __, 497 F. Supp. 3d at

1344; Compl. ¶ 105.  PrimeSource argued that the only report that could have qualified

as a predicate for Proclamation 9980, and issued under Section 232(b)(3)(A), was one the

Secretary of Commerce issued in January 2018 on the effect of certain steel articles on

the national security of the United States (the "2018 Steel Report").  *PrimeSource I*, 45

CIT at __, 497 F. Supp. 3d at 1341.  That report culminated in the President's issuance of

Proclamation 9705 in March 2018, which imposed 25% duties on various steel articles,

*see Adjusting Imports of Steel Into the United States* ¶¶ 1–2, 83 Fed. Reg. 11,625 (Exec.

Office of the President Mar. 15, 2018), but not on the "derivative" articles of steel

affected by Proclamation 9980 in January 2020.

   We stated in *PrimeSource I* that "[d]efendants do not dispute that the 2018 Steel

Report is, for purposes of Section 232(c), 19 U.S.C. § 1862(c), the report issued according

to Section 232(b)(3)(A), 19 U.S.C. § 1862(b)(3)(A), upon which the President based his

adjustment to imports of steel derivatives, including steel nails." *PrimeSource I*, 45 CIT

at __, 497 F. Supp. 3d at 1345 (citing Defs.' Mot. 24–29).   In denying defendants' motion

to dismiss PrimeSource's "untimeliness" claim, we concluded that Proclamation 9980

does not comply with the limitations on the President's authority imposed by the

90- and 15-day time limitations of Section 232(c)(1) if the combined 105-day time period

is considered to have commenced upon the President's receipt of the 2018 Steel Report.

*Id.* at __, 497 F. Supp. 3d at 1356.  We held that in this circumstance PrimeSource had

stated a plausible claim for relief, and therefore we declined to dismiss it.  *Id.* at __, 497

F. Supp. 3d at 1359.

   After denying defendants' motion to dismiss as to PrimeSource's timeliness

claim, we denied the motion of plaintiff PrimeSource for summary judgment on that

claim, determining that there existed one or more genuine issues of material fact.  *Id.* at

__, 497 F. Supp. 3d at 1361.  Although concluding that Proclamation 9980 was untimely

under Section 232(c)(1) when viewed solely as an action taken in response to the 2018

Steel Report, we also concluded that there were genuine issues of material fact that bore on the extent to which the subsequent "assessment" or "assessments" of the Commerce Secretary, as identified in Proclamation 9980, validly could be held to have served a function analogous to that of a Section 232(b)(3)(A) report.  *Id.* at __, 497 F. Supp. 3d at 1360–61.  We also noted that we did not know what form of inquiry or investigation the Commerce Secretary conducted prior to his submission of these communications to the President and whether, or to what extent, that inquiry or investigation satisfied the essential requirements of Section 232(b)(2)(A), 19 U.S.C. § 1862(b)(2)(A).  *Id.* at __, 497 F. Supp. 3d at 1360–61.

In summary, we concluded in *PrimeSource I* that factual information pertaining to the Secretary's inquiry on, and his reporting to the President on, the derivative articles would be required in order for us to examine whether and to what extent there was compliance by the President with the procedural requirements of Section 232 and whether any noncompliance that occurred was a "significant procedural violation."  *Id.* at __, 497 F. Supp. 3d at 1361 (quoting *Maple Leaf Fish Co. v. United States*, 762 F.2d 86, 89 (Fed. Cir. 1985) (requiring that a procedural violation be "significant" in order to serve as a ground for judicial invalidation of a Presidential action)).  We added that "at this early stage of the litigation, we lack a basis to presume that these unresolved factual issues are unrelated to the issue of whether the President clearly misconstrued the statute or the issue of whether the President took action outside of his delegated

authority." *Id*. at __, 497 F. Supp. 3d at 1361.  We noted that the "filing of a complete

administrative record could be a means of resolving, or helping to resolve, these factual

issues" and directed the parties to consult on this matter and file a scheduling order to

govern the subsequent litigation.  *Id*. at __, 497 F. Supp. 3d at 1361.

### D. Our Decision in *PrimeSource II*

On March 5, 2021, the parties in the *PrimeSource* litigation submitted a joint status

report in lieu of a scheduling order.  In it, defendants expressly waived "the

opportunity to provide additional factual information that might show that the

'essential requirements of Section 232(b)(2)(A), 19 U.S.C. § 1862(b)(2)(A)' were met,"

adding that "[d]efendants do not intend to pursue that argument."  Joint Status Rep. 2,

ECF No. 108 (Ct. No. 20-00032) (quoting *PrimeSource I*, 45 CIT at __, 497 F. Supp. 3d at

1361).  Defendants informed the court that their "position continues to be that

procedural preconditions for the issuance of Proclamation 9980 were met by the

Secretary's 2018 Steel Report and the timely issuance of Proclamation 9705, a position

that the majority has already rejected."  *Id*. at 2–3.  The *PrimeSource* joint status report

concluded by stating that "the parties agree and respectfully submit that there is no

reason for this Court to delay entry of final judgment.  In so representing, the parties

fully reserve all rights to appeal any adverse judgment."  *Id*. at 3.

In *PrimeSource Bldg. Prods., Inc. v. United States*, 45 CIT __, Slip Op. 21-36 (Apr. 5,

2021) ("*PrimeSource II*"), we concluded that defendants, through their statements in the

parties' joint status report, had waived "any defense that the assessments of the

Commerce Secretary, as described in Proclamation 9980, were the functional equivalent

of a Section 232(b)(3)(A) report."  45 CIT __, Slip Op. 21-36 at 8.  "In particular,

defendants have waived any defense grounded in a factual circumstance other than one

in which the 2018 Steel Report is the only submission made by the Commerce Secretary

that could satisfy the requirements of Section 232(b)(3)(A) and upon which

Proclamation 9980 could have been based."  *Id.* at __, Slip Op. 21-36 at 9–10.  We

concluded that "PrimeSource is now entitled to judgment as a matter of law," *id.* at __,

Slip Op. 21-36 at 10, and we entered summary judgment in favor of plaintiff

PrimeSource on its remaining claim.

### E. The Joint Status Report and Unopposed Motion for Entry of Judgment

The Joint Status Report (Apr. 30, 2021), ECF No. 105 ("Joint Status Report"),

submitted by counsel for all parties in this case, states, *inter alia*, that "the parties agree

that, in light of *PrimeSource I and II*, there is no reason for this Court not to grant

Plaintiffs' Motion for Summary Judgment on Count I of the Complaints, ECF No. 65,

and deny Defendant's Motion to Dismiss Count I of Plaintiffs' Complaints."  Joint

Status Report 1–2.  The Joint Status Report states further:

> As was true in the *PrimeSource* litigation prior to the Court's entry of
> judgment, Defendants in this case do not intend to introduce any
> additional evidence related to potential factual disputes or additional
> factual information showing that Proclamation 9980 satisfied the
> requirements of 19 U.S.C. § 1862(b)(2)(A).  Defendants' position remains
> that the procedural preconditions for the issuance of Proclamation 9980

were met by the Secretary's 2018 Steel Report and the timely issuance of Proclamation 9705, but this Court has already rejected that position. . . . Defendants fully reserve all rights to appeal any adverse judgment.

*Id*. at 2.

In an unopposed motion for entry of final judgment, "[p]laintiffs respectfully move the Court for entry of an order fully adjudicating the claims alleged in Count I of Plaintiffs' Complaints" and "move the Court to dismiss Counts II and III of Plaintiffs' Complaints, without prejudice, resulting in a complete and final adjudication of this action." Unopposed Mot. for Entry of Final J. and Disposition of this Action 1 (Apr. 30, 2021), ECF No. 106. The motion states that counsel for plaintiffs consulted with counsel for defendants, who indicated that defendants do not oppose this motion. Plaintiffs accompany their unopposed motion with a draft order that, *inter alia*, denies defendants' motion to dismiss Count I of plaintiffs' complaints and awards summary judgment to plaintiffs on their Count I claims. *See* [Proposed] Order (Apr. 30, 2021), ECF No. 106-1.

### F. Award of Summary Judgment in Favor of Plaintiffs on Count I

As discussed above, each plaintiff's Count I claim is that Proclamation 9980 is invalid as untimely because it neither was issued within the 90-day time period allowed by Section 232(c)(1)(A) nor implemented within the 15-day time period allowed by

Section 232(c)(1)(B).[3]  Compl. ¶¶ 102–106.  This claim is indistinguishable from the claim

upon which this Court granted summary judgment in favor of the plaintiff in

*PrimeSource II*, as the parties to this case acknowledge.  Joint Status Report 1 ("The

parties have conferred and now agree that the Court's decisions in *Primesource I* and

*Primesource II* are decisive as to Count I of Plaintiffs' Complaints.").

    We conclude that, as to Count I of plaintiffs' complaints, there is no longer a

genuine issue of material fact as a result of the representations the parties have made in

the Joint Status Report and in plaintiffs' unopposed motion for entry of judgment.  In

particular, defendants have waived any defense grounded in a factual circumstance

other than one in which the 2018 Steel Report is the only submission made by the

Commerce Secretary that could satisfy the requirements of Section 232(b)(3)(A) and

upon which Proclamation 9980 could have been based.

    As we concluded in *PrimeSource I*, "the action taken by Proclamation 9980 to

adjust imports of derivatives was not implemented during the 105-day time period set

forth in § 1862(c)(1), if that time period is considered to have commenced upon the

President's receipt of the Steel Report."  45 CIT at __, 497 F. Supp. 3d at 1356.  Due to the

parties' joint and unopposed representations, there is no genuine issue of material fact

---

[3] Although both complaints, in their Count I titles, refer to "*ultra vires*" acts of the
Secretary of Commerce, Compl. 23 (Feb. 7, 2020), ECF No. 2, no claim against a decision
of the Commerce Department actually is stated, and therefore we interpret each
plaintiff's Count I claim as a challenge to Proclamation 9980 and not as a challenge to an
agency action.

as to when that time period began, and defendants have waived any defense based on a

contention that the time period began on any date other than the President's receipt of

the 2018 Steel Report.

To declare Proclamation 9980 invalid, we must find "a clear misconstruction of

the governing statute, a significant procedural violation, or action outside delegated

authority." *Maple Leaf Fish Co.*, 762 F.2d at 89. Because the President issued

Proclamation 9980 after the congressionally-delegated authority to adjust imports of the

products addressed in that proclamation had expired, Proclamation 9980 was action

outside of delegated authority. For the reasons we stated in *PrimeSource I*, 45 CIT at __,

497 F. Supp. 3d at 1356–58, we find in the untimeliness of Proclamation 9980 a

significant procedural violation. Plaintiffs, therefore, are now entitled to judgment as a

matter of law on their motions for summary judgment on the claims stated in Count I of

their respective complaints.

### III. CONCLUSION

In summary, defendants have waived any defense that the procedural

requirements of Section 232 were met based on a procedure other than one reliant upon

the 2018 Steel Report. Summary judgment in favor of plaintiffs on Count I of their

respective complaints therefore is warranted, Proclamation 9980 having been issued

after the President's delegated authority to impose duties on derivatives of steel

products had expired.

Further to the parties' Joint Status Report and plaintiffs' unopposed motion for

entry of judgment, we deny defendants' motion to dismiss the claims stated in Count I

of plaintiffs' respective complaints, grant plaintiffs' motions for summary judgment on

the claims stated in Count I of their complaints, dismiss without prejudice Counts II

and III of their complaints, and order certain other relief as requested in the unopposed

draft order accompanying plaintiffs' motion for entry of final judgment.  We will enter

judgment in substantially the form as set forth in plaintiffs' unopposed draft order.[4]


                                                    /s/ Jennifer Choe-Groves
                                                    /s/ Timothy C. Stanceu
                                                    Jennifer Choe-Groves, Judge
                                                    Timothy C. Stanceu, Judge

Dated: June 10, 2021
         New York, New York

---

[4] Further to the agreement of all parties, we are dismissing Counts II and III of
plaintiffs' respective complaints "without prejudice."  Even had the parties not
requested dismissal, we would not have reached the issues raised in these two counts.
Reaching those issues would not have been necessary because of our entry of summary
judgment on Count I of the complaints (which also would have lifted the stay of
Counts II and III).  In acceding to the request of the parties that we dismiss Counts II
and III without prejudice, we do not opine on the question of whether or not either
plaintiff would be in a position to bring a future action that could reach the merits of
any argument against Proclamation 9980 that is made in Count II or Count III of
plaintiffs' complaints.

Baker, J., concurring in part and dissenting in part

*Baker*, Judge, concurring in part and dissenting in part:

For the reasons explained in *PrimeSource Building Products, Inc. v. United States*, 497 F. Supp. 3d 1333, 1361 (CIT 2021) (Baker, J., dissenting), I respectfully dissent from our exercise of subject-matter jurisdiction as to Plaintiffs' claims against the President, the entry of summary judgment in favor of Plaintiffs as to Count I of their respective complaints, and the denial of the government's motion to dismiss Count I of those complaints.

I concur in our dismissal of Counts II and III without prejudice as requested by the parties, but I write separately to explain that in so doing we are not impermissibly "manufacturing" finality for the purpose of securing—if not manipulating—appellate jurisdiction, a controversial practice that is the subject of a long-festering circuit split. *See generally* Mayer Brown LLP, *Federal Appellate Practice* § 2.2(b)(1) (3d ed. 2018); *see also Doe v. United States*, 513 F.3d 1348, 1352–55 (Fed. Cir. 2008).[1]

---

[1] Because the majority grants equitable relief in its entry of judgment accompanying today's decision, the existence of finality here for purposes of 28 U.S.C. § 1295(a)(5) (conferring appellate jurisdiction in the Federal Circuit over "final decision[s]" of the CIT) may be academic. The equitable relief granted by the majority today—ordering the refund of duties previously paid—arguably constitutes an injunction for purposes of 28 U.S.C. § 1292(c)(1) & (a)(1), which together confer appellate jurisdiction in the Federal Circuit over interlocutory orders of the CIT granting injunctions (whether preliminary or, as here, permanent).

Baker, J., concurring in part and dissenting in part

Although Plaintiffs' materially identical complaints nominally allege three separate counts, for purposes of Federal Rule of Civil Procedure 54(b)—and by extension our own Rule 54(b), *see* USCIT R. 54(b)—all three counts are, in substance, simply alternative legal theories asserted to support "*one claim for relief.*" USCIT R. 54(b) (emphasis added). Count I alleges that the President violated Section 232's procedural requirements in issuing Proclamation 9980, *see* Case 20-37, ECF 2, ¶¶ 95–106, and Case 20-45, ECF 5, ¶¶ 95–106; Count II alleges that Proclamation 9980 was unlawful because Section 232 represents an unconstitutional delegation of power by Congress to the Executive, *see* Case 20-37, ECF 2, ¶¶ 117–121, and Case 20-45, ECF 5, ¶¶ 177–121; and Count III alleges that Proclamation 9980 violated the equal protection component of the Due Process Clause of the Constitution's Fifth Amendment by imposing tariffs on steel derivative imports from some countries but not others, *see* Case 20-37, ECF 2, ¶¶ 128–131, and Case 20-45, ECF 5, ¶¶ 126–129.

For all three counts, Plaintiffs seek the same relief: a judgment declaring Proclamation 9980 void and an injunction restraining its enforcement and compelling refunds of Section 232 duties previously collected. *See* Case 20-37, ECF 2, at 31; Case 20-45, ECF 5, at 30. Because Plaintiffs could—and with the majority's decision today, do—obtain only one recovery, their separate counts are but variations on legal theories supporting one claim. *See Local P-171,*

Baker, J., concurring in part and dissenting in part

*Amalgamated Meat Cutters & Butcher Workmen of N. Am. v. Thompson Farms Co.*, 642 F.2d 1065, 1070–71 (7th Cir. 1981) (Wisdom, J.) ("At a minimum, claims cannot be separate unless separate recovery is possible on each. Hence, mere variations of legal theory do not constitute separate claims.") (cleaned up). Therefore, in dismissing Counts II and III without prejudice, we do not improperly manufacture finality by dismissing nonfinal separate claims.

Nevertheless, even where, as here, a plaintiff only asserts one claim for Rule 54(b) purposes, a district court or the CIT impermissibly "homebrews" appellate jurisdiction when it rejects one legal theory in support of that claim and thereafter dismisses the plaintiff's remaining theories without prejudice to facilitate an immediate appeal of what the parties agree is the most important theory. *See, e.g.*, *First Health Grp. Corp. v. BCE Emergis Corp.*, 269 F.3d 800, 801 (7th Cir. 2001) (Easterbrook, J.). In such a situation, the case is nonfinal because the trial court has not finally adjudicated the plaintiff's claim for relief.

But where, as here, a plaintiff asserts multiple theories in support of only a single claim for relief and the district court or the CIT *grants* all the requested relief based on only one of the plaintiff's asserted theories, attaining finality does not require the court to *also* adjudicate the plaintiff's alternative theories for recovery on the same claim. By granting the plaintiff all the relief

Baker, J., concurring in part and dissenting in part

that it could possibly obtain in this action, the majority "ends the litigation on

the merits and leaves nothing for the court to do but execute the judgment."

*Weed v. Soc. Sec. Admin.*, 571 F.3d 1359, 1361 (Fed. Cir. 2009) (cleaned up and

quoting *Cabot Corp. v. United States*, 788 F.2d 1539, 1542 (Fed. Cir. 1986)); *see

also Electro-Methods, Inc. v. United States*, 728 F.2d 1471, 1474 (Fed. Cir.

1984) (decision granting "the most important relief [plaintiff] sought" and "ad-

dress[ing] (by denying) the other relief [plaintiff] sought" was a "final decision

. . . for all practical purposes"); *cf. Ind. Harbor Belt R.R. Co. v. Am. Cyanamid

Co.*, 860 F.2d 1441, 1446 (7th Cir. 1988) (Cudahy, J., dissenting) (in a case with

only a single claim for purposes of Rule 54(b), "to 'win' a plaintiff need prevail

on only one theory, while to 'win' a defendant must prevail on all the theories

proposed by the plaintiff").[2]

For purposes of 28 U.S.C § 1291—and by extension 28 U.S.C.

§ 1295(a)(5)—"[f]inality is to be given a practical rather than a technical

---

[2] I note that the majority's decision granting Plaintiffs' motion for summary judgment as to Count I does not moot Counts II and III. This is because "cases rather than reasons . . . become moot." *Air Line Pilots Ass'n, Int'l v. UAL Corp.*, 897 F.2d 1394, 1397 (7th Cir. 1990) (Posner, J.). And of course, if a case consists of multiple claims for Rule 54(b) purposes, one or more of such claims might become moot, even if other claims in the case do not. But this case consists of only one claim—Plaintiffs' challenge to Proclamation 9980 based on three alternative legal theories—and the majority's decision in favor of Plaintiffs as to one of their theories (Count I) does not render the other two theories (Counts II and III) moot, but rather simply unnecessary to decide as a matter of judicial discretion. If Counts II and III were moot, we would not have Article III jurisdiction to decide them.

Baker, J., concurring in part and dissenting in part

construction." *Keith Mfg. Co. v. Butterfield*, 955 F.3d 936, 939 (Fed. Cir. 2020)

(quoting *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 171 (1974)). There is no

practical reason to "impose totally redundant and indefensible burdens on . . .

trial courts" by requiring them to adjudicate "multiple theories . . . where one

would suffice." *Am. Cyanamid*, 860 F.2d at 1448 (Cudahy, J., dissenting). Like

Judge Cudahy, I see no practical purpose in construing the finality require-

ment to require "the plaintiff to fire additional bullets into the corpse of a de-

fendant he has already killed." *Id*.

/s/ *M. Miller Baker*
M. Miller Baker, Judge